UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ALESSANDRO RAMIREZ,

                                  Plaintiff,      **STIPULATION AND PROTECTIVE ORDER**

              v.                                    Case No. 1:23-CV-09450-JPO

CITY OF NEW YORK,

                                  Defendant.
------------------------------------------------------------------- X

        **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between counsel of record for Plaintiff, Alessandro Ramirez ("Plaintiff"), and Defendant, the City of New York ("City," and collectively with Plaintiff, "Parties"), as follows:

        1.      Documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by a party from sources other than the party producing the Confidential Materials ("Producing Party") or (b) are otherwise publicly available.

        2.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is sensitive, non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

3. Additionally**,** "Confidential Materials" shall include all materials relating to current or former personnel of the City, other than Plaintiff, including, but not limited to: (a) personnel files and all the information contained therein, including, but not limited to, information regarding hiring, compensation, benefits, promotions, transfers, complaints, discipline, evaluations, and separation; (b) disciplinary files and all the information contained therein, including, but not limited to, copies of investigation or investigative files and Equal Employment Opportunity Office files; (c) medical files, psychological or psychiatric files, counseling or treatment files, and early-intervention files; (d) any materials that the Parties agree are subject to this Stipulation and Protective Order; (e) any documents that the Court directs to be produced subject to this Stipulation and Protective Order; and (f) any deposition testimony that reveals the contents of materials produced subject to this Stipulation and Protective Order.  Materials not relating to any specific or identifiable individual, employee, or personnel of the City, such as rules, regulations, and policies, shall not be deemed Confidential Materials unless confidential status is necessary for reasons of safety or security or otherwise required by law.

4. The party receiving the Confidential Materials ("Receiving Party") will hold and use Confidential Information solely for use in connection with the action.

5. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Protective Order.

6. The Receiving Party's attorney(s) shall not disclose the Confidential Materials to any person not a member of the staff of his/her/their law office, except under the following conditions:

a. Disclosure may be made only if reasonably necessary to the prosecution or defense of this action.

b. Disclosure before trial may be made only to: (i) the Receiving Party; (ii) an expert who has been retained or specially employed by the Receiving Party's attorney(s) in anticipation of litigation or preparation for this action; (iii) a witness at deposition; (iv) attorneys with whom counsel may consult concerning this case; (v) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing them to testify; (vi) persons having prior knowledge of the documents or Confidential Information contained therein; (vii) the Court or Court officials involved in this action, including court reporters; (viii) persons designated by the Court in the interest of justice; and (ix) upon such terms as the Court may deem just and proper.

c. Before any disclosure is made to any person listed in subparagraph (b) above (other than to the Court or Court officials involved in this action), the Receiving Party's attorney(s) shall provide each such person with a copy of this Stipulation and Protective Order, and each such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the Receiving Party's attorney(s). At the time of disclosure, the Receiving Party's attorney(s) shall provide the Producing Party's

3

       attorney(s) a copy of the executed consent form annexed hereto as Exhibit A, along with a log of all persons to whom the Confidential Information was disclosed, identifying also the Confidential Information disclosed. The disclosing attorney(s) shall also certify that a good-faith basis for the disclosure exists.

    7.  Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

    8.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and other information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. In the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure, nothing herein shall constitute a waiver of legal rights and defenses nor preclude the Producing Party from asserting legal claims concerning such a failure to appropriately protect PII from unauthorized disclosure.

    9.  The Receiving Party may apply to the Court for a ruling that a material (or a category of materials) designated as confidential is not entitled to such status and protection. The Producing Party shall be given notice of the application and shall have an opportunity to respond. The Receiving Party must show by a preponderance of the evidence that good cause exists why the materials should not remain confidential.

10. The Receiving Party shall follow the Individual Rules of the Hon. J. Paul Oetken or, if this case is subsequently re-assigned, the presiding District Court Judge, concerning the filing of documents under seal when filing in this Court any paper that incorporates any Confidential Information or reveals the contents thereof.  Until the Court rules on a motion to seal any papers that incorporate Confidential Materials or otherwise reveal their contents, the Receiving Party shall not file such papers with the Court.

11. Within thirty (30) days after the termination of this case, including any appeals, whether by settlement or final decision of the Court of last resort, all copies of any Confidential Materials, or documents or materials containing Confidential Information, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the Producing Party's attorney(s) or, upon his/her/their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the Producing Party's attorney(s).  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials.  Any such archival copies that contain or constitute Confidential Materials remain subject to this Stipulation and Protective Order.

12. The Parties reserve their rights to seek the admission at trial of materials designated as confidential.  Procedures for seeking admission and admitting at trial materials designated as confidential shall be established by the Parties and proposed to the Court, or imposed by the Court prior to trial.

13. Nothing in this Stipulation and Protective Order shall be construed to limit the City's use of the Confidential Materials in any manner.

14. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information, or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation and Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), Federal Rule of Civil Procedure 26(c), and any other applicable law, and shall specifically preclude the application of Federal Rule of Evidence 502(b) to any Clawback Demand and/or Protected Material, as defined herein, requested under this Stipulation and Protective Order.

15. The Parties agree to the following regarding production of privileged or work-product protected documents, communications, or information:

   a. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law, as well as any non-party PII (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that information in this action.

   b. The Producing Party may demand that the Receiving Party return or destroy the Protected Material ("Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state on a privilege log the Protected Material to be returned or destroyed (including the Bates number of the document, or, if no Bates number appears on the

document, sufficient information to identify the document) and the basis for the claim of privilege or protection.

c. Upon receiving a Clawback Demand, the Receiving Party shall, within five (5) business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it. The Receiving Party shall provide written assurance of these actions within five (5) business days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains Protected Material only in part, then the Producing Party shall, within five (5) business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

d. If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material, it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or, if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

e. If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an order compelling

7

production of any of the documents or information covered by the Clawback Demand (or, in the case of redacted documents, compelling that the redactions be removed). The motion shall not assert as a ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the contents of the documents or information (beyond any information appearing on the above-referenced privileged log or any portion of the documents that the Parties agree is not Protected Material).

f.  The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand. Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Stipulation and Protective Order.

g.  The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests the Producing Party's claim that it is Protected Material.

16. This Stipulation and Protective Order may be changed only by further agreement of all parties in writing or by order of the Court and is without prejudice to the right of any party to seek modification of this Stipulation and Protective Order by application to the Court on notice to the other parties. Nothing in this Stipulation and Protective Order shall preclude any

party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

17. Nothing in this Stipulation and Protective Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Materials.

18. A party's compliance with the terms of this Stipulation and Protective Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

19. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Stipulation and Protective Order.

20. Nothing in this Stipulation and Protective Order shall limit the Producing Party's own use of its Confidential Materials.

**[The rest of this page is intentionally left blank.]**

Dated:     New York, New York
           August 19, 2024

| | |
|---|---|
| **RICHARD J. WASHINGTON**<br>The Law Office of Richard J. Washington, Esq.<br><br>*Counsel for Plaintiff*<br>100 Church Street, Suite 800<br>New York, New York 10007<br>(646) 845-7445<br>Richard@washington-at-law.com<br><br>By: *Richard Washington*<br>     Richard J. Washington | **MURIEL GOODE-TRUFANT**<br>Acting Corporation Counsel of the City of New York<br><br>*Counsel for Defendant*<br>100 Church Street, Room 2-104<br>New York, New York 10007<br>(212) 356-0839<br>zellis@law.nyc.gov<br><br>By: *Zachary Ellis*<br>     Zachary T. Ellis<br>     Assistant Corporation Counsel |

**SO ORDERED:**

Date:   August 23, 2024
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

## **EXHIBIT A**

      The undersigned hereby acknowledges that he/she/they has/have read the Stipulation and Protective Order entered in the United States District Court, Southern District of New York, in the action entitled *Ramirez v. City of New York*, Case No. 1:23-CV-09450-JPO, understands its terms, and agrees to be bound by it.  The undersigned agrees not to use the Confidential or Protected Materials defined therein for any purpose other than in connection with the prosecution or defense of this action and will not further disclose the Confidential or Protected Materials except in testimony taken in this action.  The undersigned voluntarily submits to the personal jurisdiction of the United States District Court, Southern District of New York, for purposes of the enforcement of the above-cited Order and the imposition of any sanctions for contempt of that Order.

Dated: _____, 20\_\_\_\_\_

 

_____
SIGNATURE

_____
PRINT NAME

STATE OF _____ )
                                           SS.:
COUNTY OF _____ )

On this _____ day of _____, 20\_\_\_\_\_, before me personally came _____, to me known and known to me to be the person described in and who executed the foregoing instrument and he/she/they acknowledged to me that he/she/they executed the same.

_____
NOTARY PUBLIC